UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONOVAN JAMAL WILLINGHAM                                              PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:16CV149-RHW

DAVID ARCHER and
FOFO GILICH                                                          DEFENDANTS


**ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT**

Plaintiff Donovan Jamal Willingham, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging that he was subjected to excessive force during an arrest by former Biloxi Police Department Officer David Archer. He also named Mayor FoFo Gilich as a defendant based solely on Gilich's position as mayor for the City of Biloxi. The Court conducted a screening hearing on March 9, 2017. Defendants subsequently filed a motion for summary judgment. Doc. [33]. On November 16, 2017, the Court conducted a hearing on the motion for summary judgment. *See* Minute Entry (11/16/2017).

**Law and Analysis**

**Summary Judgment Standard**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Defendant FoFo Gilich**

With respect to Defendant Gilich, the Court finds Defendants' motion for summary judgment should be granted. At the screening hearing, Plaintiff stated that he sued Defendant Gilich because he is in charge of the City of Biloxi. Plaintiff has failed to allege any personal involvement by Defendant Gilich in the alleged use of excessive force. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Consequently, the Court finds the motion for summary judgment should be granted as to Defendant Gilich and Plaintiff's claims against Defendant Gilich should be dismissed with prejudice.

**Defendant David Archer**

With respect to Defendant Archer, Plaintiff asserts a claim for excessive force during the arrest of September 19, 2013. For an excessive force claim to prevail Plaintiff must show (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). Moreover, excessive force determinations usually turn on the issue of whether the force was used as a good-faith measure to maintain or restore discipline, or used maliciously and sadistically to cause harm. *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998).

In his complaint, Plaintiff alleged that on September 19, 2013, he was "brutally beaten" by Officer Archer incident to an arrest. Doc. [1] at 4. At the screening hearing, Plaintiff testified that Archer hit him several times in the face and busted his eye. Plaintiff further stated that Archer took him to the hospital emergency room for treatment of his injuries. At the screening hearing and during the hearing on summary judgment, Plaintiff insisted that Archer was the officer who arrested him and beat him. He stated that he saw Archer's name tag at the time of the incident.

Defendants presented summary judgment evidence indicating that Archer was not the arresting officer and was not present at Plaintiff's arrest on September 19, 2013. Doc. [34-1] [34-2] [34-3]. Rather, Archer was the booking officer at the police station on that day. Doc. [34-2] [34-3]. Defendants also presented summary judgment evidence indicating that Plaintiff presented no injuries and was not transported to the hospital on September 19, 2013. Doc. [34-3] [34-4]. Nevertheless, Plaintiff's testimony creates a genuine issue of material fact on the question of the arresting officer's identity and whether that officer used excessive force against

3

Plaintiff.  Plaintiff's testimony contradicts the records and affidavits presented by Defendants.  This matter is currently set for a bench trial scheduled for January 18, 2018, to resolve any factual disputes.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [33] Motion for Summary Judgment is GRANTED in part and DENIED in part.  The motion is granted such that Plaintiff's claims against Defendant FoFo Gilich are dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 28th day of November, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE